IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: TFT-LCD (FLAT PANEL) ANTITRUST LITIGATION / | No. M 07-1827 SI<br>MDL No. 1827 |
| This Order Relates To: | No. C 11-0829 SI |
| METROPCS WIRELESS, INC.,<br>    Plaintiff,<br>  v.<br>AU OPTRONICS CORPORATION, *et al.*,<br>    Defendants. / | **ORDER DENYING DEFENDANTS' JOINT MOTION TO DISMISS METROPCS'S FIRST AMENDED COMPLAINT** |

Now before the Court is defendants' joint motion to dismiss MetroPCS's first amended complaint ("FAC") under Federal Rule of Civil Procedure 12(b)(6). Pursuant to Civil Local Rule 7-1(b), the Court finds this matter suitable for disposition without oral argument and therefore VACATES the hearing currently scheduled for October 28, 2011. Having considered the papers of the parties, and for good cause appearing, the Court hereby DENIES defendants' motion.

**BACKGROUND**

Plaintiff MetroPCS "provide[s] wireless mobile telecommunication services in selected major metropolitan areas in the United States." FAC at ¶20. It filed this action in the Northern District of Texas on December 17, 2010, seeking to recover for a "long-running conspiracy . . . to fix, raise, stabilize, and maintain prices for Liquid Crystal Display panels . . . ." *See* Compl. at ¶1. The action was subsequently transferred to this Court as part of MDL No. 1827, and, on July 8, 2011, MetroPCS filed

its FAC.

The FAC alleges that MetroPCS purchased "mobile wireless handsets" that contained price-fixed LCD panels. FAC at ¶238-39. It includes antitrust claims under the Sherman Act, California's Cartwright Act, the Illinois Antitrust Act, and New York's Donnelly Act, as well as a claim under California's Unfair Competition Law. FAC at ¶¶263-300. The FAC names as defendants entities from ten corporate families: Epson[1]; Hitachi[2]; Mitsui[3]; Sanyo[4]; Sharp[5]; Toshiba[6]; AU Optronics[7]; Chi Mei[8]; Chunghwa Pictures Tubes[9]; and Hannstar[10]. FAC at ¶¶28-59.

On August 5, 2011, defendants filed a joint motion to dismiss MetroPCS's FAC. Defendants argue that the FAC's claims under the Illinois Antitrust Act are untimely. Defendants also argue that the FAC fails to adequately plead the involvement of each defendant in the price-fixing conspiracy and fails to allege sufficient facts to support its claim of a conspiracy to fix prices of small LCD panels. In addition, defendant Sanyo Consumer Electronics Co., Ltd. ("Sanyo") filed a separate joinder in defendants' motion. Sanyo asserts that the FAC does not include sufficient factual allegations to support its contention that Sanyo participated in the conspiracy.

---

[1] Epson Imaging Devices Corporation and Epson Electronics America, Inc.

[2] Hitachi, Ltd., Hitachi Displays, Ltd., and Hitachi Electronic Devices (USA), Inc.

[3] Mitsui & Co. (Taiwan), Ltd. and Mitsui & Co. (USA), Inc.

[4] Sanyo Consumer Electronics, Ltd.

[5] Sharp Corporation and Sharp Electronics Corporation.

[6] Toshiba Corporation, Toshiba Matsushita Display Technology Co., Ltd., Toshiba America Electronics Components, Inc., and Toshiba America Information Systems, Inc.

[7] AU Optronics Corporation and AU Optronics Corporation America.

[8] Chi Mei Optoelectronics Corporation, CMO Japan Co. Ltd., and Chi Mei Optoelectronics USA, Inc.

[9] Chunghwa Pictures Tubes, Ltd. and Tatung Company of America, Inc.

[10] Hannstar Display Corporation.

2

**LEGAL STANDARD**

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint that fails to state a claim upon which relief may be granted. To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This "facial plausibility" standard requires the plaintiff to allege facts that add up to "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). While courts do not require "heightened fact pleading of specifics," a plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 544, 555.

In deciding whether the plaintiff has stated a claim upon which relief may be granted, the Court must assume that the plaintiff's allegations are true and must draw all reasonable inferences in the plaintiff's favor. *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). However, the Court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

**DISCUSSION**

As mentioned above, defendants' motions challenge four aspects of MetroPCS's FAC: (1) its claims under the Illinois Antitrust Act; (2) its allegations of a conspiracy to fix the prices of small LCD panels; (3) its use of "group pleading"; and (4) its allegations that Sanyo participated in the price-fixing conspiracy.

**I.     Illinois Antitrust Act**

Defendants assert that MetroPCS's claim under the Illinois Antitrust Act is barred by that act's four-year statute of limitations. *See* 740 Ill. Comp. Stat. 10/7. They argue that the statute of limitations began running in June 2006, which, according to defendants, is the date of the last overt act alleged in the FAC. *See* FAC at ¶191; *see also People v. Peebles*, 457 N.E.2d 1318, 1322 (Ill. App. 1983) ("Case

law provides that every overt act in furtherance of a conspiratorial agreement is a renewal of the conspiracy, and the statute of limitations begins to run from the date of the commission of the last overt act."). Thus, defendants argue that MetroPCS was required to have filed its complaint before June 2010. MetroPCS, however, did not file this action until December 17, 2010.

The Court agrees with MetroPCS that the Illinois Antitrust Act's statute of limitations did not begin to run until the DOJ disclosed its investigation on December 11, 2006. To begin with, MetroPCS alleges that it was unaware of its injury before that date. *See*, *e.g.*, FAC at ¶¶245-62. As this Court has already held, such allegations are sufficient, at the pleading stage, to survive a challenge based upon the statute of limitations. *See In re TFT-LCD (Flat Panel) Antitrust Litig.*, 586 F. Supp. 2d 1109, 1132 (N.D. Cal. 2008) ("Defendants may renew their arguments regarding notice and due diligence in a motion for summary judgment upon a fuller factual record, as these are fact-intensive inquiries inappropriate for resolution at this preliminary stage of the litigation."); *see also Knox College v. Celotex Corp.*, 430 N.E.2d 976, 980 (Ill. 1981) ("[T]he statute [of limitations] starts to run when a person knows or reasonably should know of his injury and also knows or reasonably should know that it was wrongfully caused.").

In addition, the Court disagrees with defendants' contention that the FAC does not allege any overt acts in furtherance of the conspiracy that occurred after June 2006. To the contrary, the FAC alleges an ongoing conspiracy that continued into December 2006. *See*, *e.g.*, FAC at ¶¶1 (defining conspiratorial period), 111 (alleging that "coordinated one-on-one meetings . . . took place until about November or December 2006"), 143 (noting that Chunghwa admitted to participating in a "conspiracy with other major LCD panel producers" through December 1, 2006); 145 (same for Sharp); 151 (same for Chi Mei). These amount to allegations that defendants' overt acts continued until December 2006, and are sufficient to prevent the statute of limitations from beginning to run until that time. *Cf. People ex rel. Hartigan v. Moore*, 493 N.E.2d 85 (Ill. App. 1986) (holding that "the receipt of money" in connection with price-fixed contract constituted overt act in furtherance of conspiracy).

Even if the statute of limitations began to run on December 11, 2006, however, the Illinois

Antitrust Act's four-year statute of limitations expired before MetroPCS filed its complaint on December 17, 2010. Thus, absent further tolling, MetroPCS's Illinois antitrust claims are untimely.[11]

MetroPCS relies on section 10/7(2) of the Illinois Antitrust Act, which provides additional tolling whenever the Illinois Attorney General files suit under the Act:

> [W]henever any action is brought by the Attorney General for a violation of this Act, the running of the [four-year] statute of limitations, with respect to every private right of action for damages under the subsection which is based in whole or in part on any matter complained of in the action by the Attorney General, shall be suspended during the pendency thereof, and for one year thereafter.

740 ILCS 10/7(2). MetroPCS claims that the Illinois Attorney General filed suit against defendants on August 10, 2010, and that its claims were therefore tolled starting on that date.[12]

The Court agrees with MetroPCS that section 10/7(2) tolled the statute of limitations and that its complaint was therefore timely. Accordingly, it DENIES defendant's motion to dismiss MetroPCS's claims under the Illinois Antitrust Act.

## II.  Small Panel Conspiracy

MetroPCS's FAC alleges that, "[a]s part of the larger Conspiracy to raise the price of LCD panels, Defendants engaged in bilateral communications specifically regarding prices for small LCD panels of various types used in mobile wireless handsets and other mobile device applications, including TFT and non-TFT technology." FAC at ¶194. Defendants argue that MetroPCS's allegations are insufficient to support the existence of a conspiracy to fix prices of small LCD panels.

This Court recently considered a similar argument in a related case brought by Costco Wholesale

---

[11] Although the FAC alleges that the direct- and indirect-purchaser class action suits tolled the statute of limitations for MetroPCS's lawsuit, MetroPCS has not raised that argument before this Court. In fact, the class action suits are limited to TFT-LCD panels and do not include the smaller panels at issue in this case.

[12] MetroPCS relies on the State of Illinois' complaint, filed in Cook County, Illinois, to establish that section 10/7(2) tolls its claims. *See* Opp'n at 6-7. MetroPCS has not, however, provided this Court with a copy of that complaint. Nevertheless, the Court is familiar with the general subject matter of the Illinois action due to the Illinois Attorney General's intervention in this MDL. Because defendants do not claim that MetroPCS has misrepresented the content of that action, the Court accepts MetroPCS's representations as true for purposes of this motion.

Corporation. *See* Order Granting in Part Defendants' Joint Motion to Dismiss Complaint, Master Docket No. 3396, at 9-10 (August 29, 2011). The Court concluded that, although a close question, Costco had sufficiently alleged that the conspiracy included small, non-TFT LCD panels.

As in the Costco matter, the Court determines that MetroPCS's allegations that the price-fixing conspiracy included small LCD panels are sufficient to survive defendants' motion to dismiss. MetroPCS alleges that defendants' sales and marketing employees engaged in bilateral communications to fix prices of small panels. FAC at ¶194. Its FAC includes specific allegations that Samsung, Sharp, Epson, AUO, LG, Toshiba, and Hitachi discussed pricing of small LCD panels. FAC at ¶¶197-213. Further, the FAC alleges that, as part of their plea agreements with the United States, Sharp and Epson admitted that they had conspired to fix the price of LCD panels sold to Motorola for use in Razr mobile phones and to Apple for use in iPod portable music players. FAC at ¶¶145, 149.

The Court finds that plaintiff's FAC has adequately alleged that the price-fixing conspiracy included both large and small LCD panels. Accordingly, it DENIES defendants' motion with respect to plaintiff's allegations of a small-panel conspiracy.

### III.  Adequacy of Group Pleading

Defendants also assert that MetroPCS's FAC fails to assert "a plausible set of factual allegations to show that [it] is entitled to relief against each named Defendant," as required by *Iqbal* and *Twombly*. Motion at 6. As defendants recognize in their reply brief, *see* Reply at 10, this Court's recent orders in other "direct-action" cases in this MDL have addressed the argument defendants raise. *See* Order Granting in Part Defendants' Joint Motion to Dismiss Kodak's First Amended Complaint, Master Docket No. 3346 (August 23, 2011) (Eastman Kodak direct-action case); Order Granting in Part Defendants' Motion to Dismiss, Master Docket No. 3359 (August 24, 2011) (Best Buy); Order Granting in Part Defendants' Joint Motion to Dismiss Target's First Amended Complaint, Master Docket No. 3362 (August 24, 2011) (Target); Order Granting in Part Defendants' Joint Motion to Dismiss Complaint, Master Docket No. 3396 (August 29, 2011) (Costco); Order Denying Defendants' Joint

Motion to Dismiss the Second Amended Complaint, Master Docket No. 3590 (September 15, 2011) (Circuit City); Order Denying Defendants' Joint Motion to Dismiss, Master Docket No. 3614 (September 19, 2011) (SB Liquidation Trust). The Court has found that the direct-action plaintiffs' complaints – all of which are highly similar – contain adequate factual allegations to state clams against the defendants, despite their use of "group pleading."

As in those cases, MetroPCS's FAC includes ample detail about defendants' involvement in the conspiracy. The FAC contains a detailed description of the meetings that were held in furtherance of the price-fixing conspiracy, FAC at ¶¶104-14, as well as a description of actions taken in furtherance of the conspiracy by defendants and their American subsidiaries. *See* FAC at ¶¶115-35, 228-37; *see also* FAC at ¶¶139-54 (describing guilty pleas of many defendants). Further, it alleges that the conspiracy was implemented at the highest level of the corporation and that "employees or agents of entities within the corporate family engaged in conspiratorial meetings on behalf of every company in that family." FAC at ¶132; *see also In re TFT LCD (Flat Panel) Antitrust Litig.*, 599 F. Supp. 2d 1179, 1184-85 (N.D. Cal. 2009). These allegations are more than sufficient to inform defendants of their link to plaintiff's case. More detailed "defendant by defendant" pleading is not required.

The Court finds that MetroPCS's FAC includes a plausible set of factual allegations that is sufficient to give each defendant notice of the charges against it. Accordingly, it DENIES defendants' motion to dismiss based on MetroPCS's use of group pleading.

**IV.     Sanyo**

Finally, Sanyo argues that the FAC contains inadequate allegations of its participation in the conspiracy. The FAC specifically mentions Sanyo in only four paragraphs. Paragraphs 39 and 40 provide background information, alleging that Sanyo is a Japanese company that "manufactured, sold, and distributed LCD Products to customers throughout the United States and elsewhere." FAC at ¶39. The remaining paragraphs allege that:

> 120.    Defendant Mitsui participated in multiple bilateral meetings during the Relevant Period, and agreed on prices and supply levels for LCD Products. In addition,

7

> Mitsui attended at least one bilateral meeting with Defendant Chunghwa during 2001, and multiple bilateral meetings with co-conspirator Samsung in the U.S. at which similar subjects were discussed. At that and other meetings, Mitsui acted as an agent of Sanyo Consumer and reached agreements with other competitors about prices for LCD Products sold in the United States and elsewhere.
>
> 121. Defendant Sanyo Consumer participated in at least one bilateral meeting through an agent during the Relevant Period, and agreed on prices and supply levels for LCD Products.

FAC at ¶¶120-21.[13]

Considering the FAC as a whole, the Court finds these allegations sufficient to state a claim against Sanyo. As discussed above, the FAC contains plausible allegations of a price-fixing conspiracy. It then specifies how Sanyo joined the conspiracy – through its agent, Mitsui, it agreed to fix prices of LCD panels. Given the strength of plaintiffs' allegations that a price-fixing conspiracy existed, the Court does not believe a more detailed description of Sanyo's involvement is required. Nor does the Court believe that MetroPCS must provide any further basis for its allegation that Mitsui acted as Sanyo's agent.

Although Sanyo claims that MetroPCS's allegations against it are similar to those this Court previously found inadequate, the Court disagrees. The Court previously dismissed a claim against Philips Electronics North America Corporation ("PENAC") based on the fact that the complaint contained no allegations of how PENAC joined the conspiracy. *See In re TFT-LCD (Flat Panel) Antitrust Litig.*, 2010 WL 2629728 (N.D. Cal., June 29, 2010). The only paragraph in that complaint to mention PENAC alleged:

> During the Conspiracy Period, Nokia purchased LCDs from Royal Philips Electronics N.V. and [PENAC] themselves or via their subsidiaries. [PENAC] also manufactured, sold, and/or distributed LCDs to other purchasers through the United States and elsewhere during the Conspiracy Period. [PENAC] participated in the conspiracy through the actions of its officers, employees and representatives acting with actual or apparent authority.

*Id.* at *6.

---

[13]In addition, the FAC alleges that Sanyo's parent company, named as a co-conspirator but not a defendant, "participated in meetings or discussions. . . with at least one other Defendant or co-conspirator, which included discussions about prices for LCD Products." FAC at ¶129.

8

Here, in contrast, MetroPCS's complaint alleges "how" Sanyo joined the conspiracy – by participating in a meeting through its agent, Mitsui. In light of strength of MetroPCS's overall allegations, a more detailed description of Sanyo's role is not required.

## CONCLUSION

For the foregoing reasons and for good cause shown, the Court hereby DENIES defendant's motion for judgment on the pleadings and for dismissal. Docket Nos. 41, 43, 72 in 11-0829; Docket Nos. 3225, 3231, 3976 in 07-1827.

**IT IS SO ORDERED.**

Dated: October 26, 2011

SUSAN ILLSTON
United States District Judge

9